UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| THELEN LLP, | : | Case No. 09-15631 (MEW) |
| Debtor. | : | |
| Yann Geron, Chapter 7 Trustee of the Estate of Thelen LLP, | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 11-02648 (MEW) |
| GARY L. FONTANA, et al., | : | |
| Defendants. | : | |

**MEMORANDUM DECISION DENYING MOTION BY DEFENDANT
GARY L. FONTANA FOR RECONSIDERATION OF DECISION GRANTING
SUMMARY JUDGMENT ON THE TRUSTEE'S CONTRACT CLAIM**

APPEARANCES:

LAW OFFICES OF GARY L. FONTANA
*Pro Se*
650 Lighthouse Avenue
Suite 220
Pacific Grove, CA 93950

REID COLLINS TSAI LLP
*Counsel to Yann Geron, Chapter 7 Trustee*
One Penn Plaza, 49th Floor
New York, NY 10119

   By:   Angela J. Sommers, Esq.
            Jeffrey E. Gross, Esq.
            Yonah Jaffe, Esq.

Judge Gropper issued a memorandum decision on November 20, 2014 (the "**Decision**") [ECF # 97] and an Order dated December 9, 2014 (the "**Order**") [ECF # 104] that granted summary judgment in favor of the Trustee on certain contract claims.  The case was assigned to the undersigned after Judge Gropper's retirement from the bench.  On April 17, 2015, Defendant Gary L. Fontana ("**Fontana**") filed a motion for reconsideration of the Decision and the Order [ECF 110].  The motion for reconsideration is denied for the reasons set forth below.

First, the motion is untimely.  A motion for reconsideration must be made within fourteen days after entry of the relevant order.  *See* Local Rule 9023-1.  Fontana argues that the Court has inherent authority to disregard the time limits in Rule 9023-1 and to reconsider matters at any time prior to final judgment, but the Court sees no reason to exercise that discretion in this case.  As set forth below, Fontana has not identified any proper ground for reconsideration of the Decision and Order.  The motion just attempts to reargue the same points previously argued (with reference to the same facts previously identified), perhaps in the hope that a different judge might reach a different conclusion.  This is not a proper use of a motion for reconsideration.

Second, the motion does not identify any matters that were "overlooked" by Judge Gropper.  The memorandum of law submitted in support of the motion makes arguments about the interpretation of various provisions of the Partnership Agreements [ECF # 111 at 5-7], but those same arguments were made in the papers submitted to Judge Gropper.  Similarly, the motion argues that in prior years partners had been allowed to "repay" excess draws by offsetting them against capital account payments to which they were entitled (*id*. at 7-10), but those same points were argued at length in the prior submissions.  Indeed, the motion for reconsideration simply cites to the prior factual submissions that were already in the record and that Judge Gropper had already reviewed.

2

Judge Gropper did not "overlook" the materials submitted by Fontana and other defendants. Instead, he correctly found they did not have the meanings that Fontana and the other defendants alleged.

Judge Gropper held that each Thelen partner was only entitled to his or her share of "Net Income" and that advances (or draws) that exceeded a partner's share of Net Income could not be retained by the partner. *See* Decision at 9-14. He fully considered, and rejected, the defendants' argument that "any obligation they had to repay advances in excess of Net Income was dealt with exclusively by an adjustment to their respective capital accounts, and that any obligation to account for draw advances was effected only through such an adjustment." *Id*. at 14-15. Among other things, Judge Gropper held that a capital account tracks "the extent of a partner's equity interest" in a firm, and that charges against balances in a capital account "would not satisfy a Partner's liability to the firm for an unearned advance." *Id.* Similarly, Judge Gropper held that "Defendants' contention that a decrease to their equity accounts could substitute for the repayment of a debt would wholly undermine the priorities of the Bankruptcy Code." *Id*.

Fontana persists in arguing, in his motion for reconsideration, that in prior years the Thelen firm had recovered excess draws by offsetting them against the capital account refunds to which departing partners were entitled. Fontana believes that such past practices somehow demonstrate that charges against capital accounts were the *only* method by which the firm could ever collect a prior overpayment to a Thelen partner. However, the proffered evidence does not have the significance that Fontana believes.

Thelen was not insolvent until at least 2008. Departing partners who left Thelen before 2008 had rights to payments of their capital account balances pursuant to Article 6 of the Partnership Agreements. The fact that excess draws were "offset" against such amounts when

3

partners left prior to 2008 – at a time when Thelen was solvent and when the partners had the right to withdraw funds from their capital accounts – proves nothing.

Fontana alleges that some partners who departed from the firm in 2008 were also allowed to offset draws against capital accounts, but even assuming that was true it does not have the significance that Fontana alleges. As Judge Gropper held, Fontana's obligation to repay excess draws was a debt, but his required capital account balance was equity. It is not proper to offset one against the other. It is not clear whether Thelen, in effect, allowed some departing partners to make such offsets during 2008; if Thelen did so, at a time when Thelen was insolvent, that was a questionable practice. The more important point for this case, however, is that there is nothing about Thelen's prior accounting that supports the conclusions urged by Fontana, which are (a) that charges against a capital account were the *exclusive* ways in which excess draws could be recovered, and (b) that balances in capital accounts were, in effect, "debts" owed by Thelen against which excess draws could be offset.

Article 7.4 of the Partnership Agreements makes clear that in the event of a dissolution of the firm, creditors were to be paid in full before partners could recover any part of their required capital accounts.[1] It would be unreasonable to interpret the agreements as though they required the Trustee to deduct the amount owed by Fontana from Fontana's capital account, because that would have the effect of transforming the payments to Fontana into distributions of equity "capital" in derogation of the rights of Thelen's creditors and in violation of Article 7.4. Furthermore, the record before Judge Gropper included a Plan of Dissolution adopted by Thelen's partners in late 2008, which stated clearly that no distributions of capital would be

---

[1] In connection with a prior discovery ruling this Court made clear that factual issues may remain in the event that Fontana's capital account balances exceeded the "required" capital that he was obligated to maintain, and that the question of whether any such "excess capital" constituted a "debt" (as opposed to "equity") remained open. That is different from the issues raised in the motion for reconsideration.

4

made unless and until creditors were paid in full. Even if Thelen had allowed other partners (who departed in 2008) to offset excess draws against capital account balances when they left the firm, the Plan of Dissolution would not allow that result as to Fontana.

Third, Fontana has not identified any "clear error" that justifies reconsideration. Fontana contends that Judge Gropper did not consider "extrinsic evidence" that California requires a court to consider when it interprets a contract. This argument was not urged in Fontana's prior papers; in fact, Fontana appeared to urge the opposite, as his counsel sought summary judgment in Fontana's favor and argued that California law "requires that the terms of the agreements be construed according to their ordinary and accepted meaning unless a contrary intent plainly appears." *See The Whitmer/Fontana Defendants' Memorandum of Law in Support of Motion for Partial Summary Judgment* [ECF # 73], at 14 n. 6. More impotantly, Fontana is incorrect in arguing that Judge Gropper excluded the evidence or that he failed to consider it in deciding the contract issues.

As noted above, Judge Gropper considered the evidence fully; he just disagreed with Fontana's interpretation of the facts and held, after consideration of all of the evidence, that the there was no genuine issue of material fact as to the Trustee's right to collect "excess draws" that were paid to Fontana, and as to Fontana's contention that the Trustee could only charge Fontana's capital account for such amounts. California law requires that a court consider extrinsic evidence to decide *whether* an agreement is reasonably susceptible to the interpretation urged by a party, but just as in New York a party cannot offer extrinsic evidence for the purpose of adding to, detracting from, or varying the terms of a written contract. *Pacific Gas & E. Co. v. G.W. Thomas Drayage etc. Co*., 69 Cal.2d 33, 37, 39 (1968). Here, Judge Gropper reviewed the evidence and correctly decided that it did not support the conclusion Fontana urges.

5

<u>Fourth</u>, there was nothing improper about the procedure that Judge Gropper followed in granting summary judgment to the Trustee.  The Trustee initially sought summary judgment in a motion filed March 13, 2014 [ECF 46]; the parties briefed the contract issues but Judge Gropper declined to rule on them at that time, because the parties had agreed that contract issues would be deferred until after other issues were decided.  *See* Memorandum Decision dated May 23, 2014, at p. 10 [ECF 65].  Several months later, Fontana and other defendants then moved for summary judgment in their own favor on the contract issues.  [ECF 72]  Rule 56(f) of the Federal Rules of Civil Procedure, made applicable by Rule 7056 of the Federal Rules of Bankruptcy Procedure, makes clear a court may grant summary judgment in favor of a nonmoving party so long as it provides notice and gives the opponent the chance to marshal evidence on the issue.  Fonana's counsel conceded at oral argument that he had been given adequate notice and an adequate opportunity to present evidence.  *See* Transcript, October 29, 2014, at 7-8 [ECF # 96].

For each of the foregoing reasons, the motion for reconsideration is denied.

Dated: New York, New York
       June 9, 2015

                                        **s/Michael E. Wiles**
                                        UNITED STATES BANKRUPTCY JUDGE