**LAW OFFICES OF GARY L. FONTANA**
650 LIGHTHOUSE AVENUE, SUITE 220
PACIFIC GROVE, CA 93950
(831) 204-8215

Email: gary@garyfontana.com

June 5, 2015

> **Memo Endorsed**: June 9, 2015
> Request denied. The evidence is irrelevant for the reasons stated in Judge Gropper's prior decision and in this Court's Decision denying the motion for reconsideration. Setoff is not proper for the same reasons. The pre-trial and trial schedules remain unchanged. **MEW**

*Via Email (wiles.chambers@nysb.uscourts.gov)*

Hon. Michael E. Wiles
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re: Thelen, LLP – Adv. Proc. No. 11-02648 – Request for Conference and Hearing Date on Motion to Amend Pleading

Dear Judge Wiles:

Based on questioning that took place at the deposition of my accounting expert on May 27th and the refusal of the Trustee's counsel to produce documents that would show that Thelen has consistently deducted excess compensation (draws in excess of a partner's share of firm net income) from partner's capital accounts, it has become apparent that (a) my ability to defend myself and (b) your ability to rule on one of the central issues at the trial of this case will be thwarted by the absence of critical documents that show how such issues were handled by Thelen not only during the past several years, but going back decades or more.

Attached to this letter are 6 "Compensation Due Partner" schedules that were marked as Exhibit #9 during the questioning of the Trustee's accounting expert during yesterday's deposition. The documents pertain to 6 of the 40 or so partners who left Thelen during 2007. Similar documents exist for each one of those 40 partners and for each of the 48 or 49 partners who left Thelen during 2008.

Each of the documents that were part of Exhibit #9 shows that a partner left Thelen at a point in time when they had received draws that exceeded their share of net income for the year. Each document within Exhibit #9 clearly shows that Thelen deducted the amount of this "excess compensation" from the partner's capital account. See Line "N" on each form. The documents also show that Thelen treated the partner's personal account balances in the same way. See Line "O" on each form.

At yesterday's deposition, Ms. Somers instructed her expert "not to answer" every question that I asked the witness concerning Thelen's action in deducting both "over-compensation" and personal account balances from the capital accounts for these partners. She has also refused to produce any of the documents that I have requested that show the way that Thelen accounted for these deductions in its financial books and records and in the partner K-1 forms that Thelen filed with the IRS. Those documents were requested in paragraphs 1, 2 and 3 of the Document Request served on the Trsutee's counsel on April 10, 2015. A copy of that request is also attached to this letter.

In order to have any fair chance of defending myself by showing that Thelen has, for years, consistently interpreted and applied the partnership agreements to allow such set-offs, I must get access to the documents that prove that the information shown in the Exhibit 9 examples is not an aberration and that these are merely examples of the consistent interpretation of the partnership agreements.

I hereby request a discovery conference with your Honor to address the Trustee's refusal to produce these documents.

A second issue that is directly related to the first, is my request for a hearing date so I can file a motion to amend my answer to make clear that the right of "set-off" is an issue in this case. In a telephone conversation yesterday afternoon, Ms. Somers refused to consent to my filing such an amendment. Therefore, I must file a motion for that purpose and, must first obtain a hearing date for such a motion from the Court.

Thus, please advise me when I can obtain a hearing date, so I can properly notice and file the Motion for Leave to Amend.

Very truly yours,

Gary L. Fontana<br>
Defendant, appearing *pro se*

cc: Angela Somers, Esq. (asomers@rctlegal.com)