UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 |
| THELEN LLP, | Case No. 09-15631 (MEW) |
| Debtor. | |
| Yann Geron, Chapter 7 Trustee of the Estate of Thelen LLP, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 11-02648 (MEW) |
| GARY L. FONTANA, et al., | |
| Defendants. | |

## RULINGS ON MOTIONS *IN LIMINE*

A P P E A R A N C E S:

LAW OFFICES OF GARY L. FONTANA
*Pro Se*
650 Lighthouse Avenue
Suite 220
Pacific Grove, CA 93950

REID COLLINS TSAI LLP
*Counsel to Yann Geron, Chapter 7 Trustee*
One Penn Plaza, 49th Floor
New York, NY 10119

  By:  Angela J. Sommers, Esq.
       Jeffrey E. Gross, Esq.
       Yonah Jaffe, Esq.

Defendant Gary L. Fontana ("**Fontana**") has filed a number of motions *in limine* in advance of a trial of this matter that is scheduled to take place on July 14, 2015. Plaintiff has

countered with a motion *in limine* seeking to exclude testimony by an expert witness retained by Fontana. Familiarity with the Court's prior rulings in this litigation is presumed.

### A.     Fontana's Motions

<u>First</u>, Fontana moves to exclude the use of certain Thelen business and accounting records on the theory that Fontana has been denied unfettered access to all of the unredacted business records of Thelen. Fontana argues that he is entitled to such access under California Corporations Code § 16403(b). The Court previously ruled (during informal discovery conferences) that any rights that Fontana claims under California law are separate from the obligations imposed by the applicable discovery rules and that whatever rights Fontana may have under California law should be pursued in discussions with the Trustee and/or through proceedings under California law. The Court will not exclude evidence on this ground. To the extent that Fontana believes that he has been denied access to relevant materials that should have been provided under the discovery rules themselves, the Court will consider such points at trial.

Fontana also contends that many records have been produced only in redacted form. It is not clear that records referenced by Fontana in his motion papers would be relevant (if at all) to the issues that remain for trial in light of Judge Gropper's summary judgment ruling and this Court's denial of Fontana's motion for reconsideration of that ruling. Any proper objections to evidence that is actually offered at trial will be considered at that time. Plaintiff will not be foreclosed from using evidence on the ground that some items were redacted unless the redactions have actually prejudiced Fontana's preparation for trial on issues that are relevant to the outcome of the trial.

Fontana also complains generally that the Plaintiff has had greater access to records than he has had. This is not a proper motion. If Fontana has been denied discovery of records that

2

actually are relevant to the issues that remain for trial, the Court will consider such issues at trial. Merely arguing that the Plaintiff has failed to provide access to every record of every kind to which the Plaintiff has access is not a proper ground on which to exclude relevant evidence.

<u>Second</u>, Fontana contends that Plaintiff's accounting expert should be excluded based on "unfair advantage, conflict of interest and lack of independence." This motion similarly is based on the contention that the Plaintiff's expert had the "luxury of delving into all aspects" of Thelen's financial accounting system, whereas Fontana and his expert did not. This is not a proper ground on which to exclude evidence. Fontana is only entitled to access to relevant materials (not all materials).

Mr. Fontana also contends that Plaintiff's expert has an alleged conflict of interest because she somehow will be called to opine upon her own firm's prior work. It is not at all clear that this is the case or that the issues relevant to trial will require any review at all of the prior work by the expert or the expert's firm. In any event, any criticism of the independence or objectivity of Plaintiff's expert can be explored during cross-examination.

Finally, Fontana contends that the proposed witness works for a firm that is owed money by Thelen and therefore that the firm has a conflict. This is a matter that can be explored during cross-examination if there is any basis to it. The witness will not be precluded on this ground.

<u>Third</u>, Fontana contends that Plaintiff previously argued that Fontana is a "Former Partner" of Thelen and therefore that Plaintiff should be precluded from arguing that Fontana's share of net income for the year 2008 should be determined at any date other than November 30, 2008. However, the parties have not yet set forth their theories (or their evidence) as to the date on which Fontana's share of net income should be determined, or as to why any particular date should be used. The Court will not exclude evidence on the issue at this point. To the extent that

either party believes that the other party is taking a position that is inconsistent with a position previously taken, that may be pointed out at trial.

<u>Fourth</u>, Fontana contends that rebuttal report by Plaintiff's expert witness should be excluded in its entirety. The Court will not rule on this issue in advance of trial and before hearing the other evidence to be offered. If Fontana believes that an expert witness is offering testimony as to legal conclusions or as to any matters outside the expert's competence, that may be considered at trial.

**B.    Plaintiff's Motion**

Plaintiff moves to exclude testimony by Fontana's proposed expert witness, William G. Essig CPA, on the ground that the expert's report and prior testimony (made before this Court denied Fontana's motion for reconsideration of Judge Gropper's summary judgment ruling) allegedly was based on assumptions that are inconsistent with the Court's rulings. If true, this contention may provide proper grounds for objections to particular testimony that may be offered. However, the Court will not bar all testimony by Mr. Essig.

For the foregoing reasons, the motions *in limine* are denied.

Dated: New York, New York
       July 10, 2015

<u>s/Michael E. Wiles</u>
UNITED STATES BANKRUPTCY JUDGE

4